UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD PATTON, # 81966-509,

        Petitioner,

                                 Case No. 25-cv-13979

v.                                Honorable Linda V. Parker

ERIC RARDIN,

        Respondent.

_____/

## OPINION AND ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Petitioner Todd Patton ("Petitioner"), currently incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan), filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner claims the Bureau of Prisons (BOP) failed to credit him Earned Time Credits (ETCs) under the First Step Act (FSA), from the date of sentencing for his federal conviction, choosing to begin granting Petitioner these credits only upon his arrival at FCI-Milan.  For the reasons that follow, the Court is granting the petition for writ of habeas corpus.

## I.  Background

Petitioner pleaded guilty to theft of firearms from a federally licensed firearms dealer in violation of 18 U.S.C. § 922(u), in the United States District Court for the Eastern District of Michigan.  *See* Judgment, *United States v. Patton*,

1

Case No. 22-cr-20008 (E.D. Mich. June 1, 2023), ECF No. 62.  On May 31, 2023, Petitioner was sentenced by the Honorable Jonathan J.C. Grey to 72 months in prison, with his federal sentence to run concurrently to the 30-month-to-10-year concurrent sentences Petitioner was serving with the Michigan Department of Corrections ("MDOC") for three separate state convictions.  *Id*.  Although Petitioner was sentenced for his federal conviction on May 31, 2023, he did not arrive at his designated BOP facility, FCI-Milan, until August 28, 2024, after serving time in MDOC custody.

When Petitioner arrived at FCI-Milan, he received his FSA assessment and began participating in FSA programming and earning credits.  The BOP, however, will award Petitioner credits under the FSA only from the date he arrived at FCI-Milan (August 28, 2024), and not from the date Judge Grey sentenced Petitioner (May 31, 2023).

Petitioner filed the pending habeas petition, arguing that he is entitled to additional credit for participating in programming between the date of his sentencing on May 31, 2023, and the date he arrived at FCI-Milan.

## II.  Discussion

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.

1998).  Petitioner's application is properly brought under § 2241 because he is challenging the execution of his sentence.

Eligible federal inmates, those whose convictions do not exclude them from receiving First Step Act benefits, may earn First Step Act Credits (FTC).  An eligible inmate can earn 10 FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming (EBBRs) or productive activities (PAs)."  18 U.S.C. § 3632(d)(4)(A)(i).  An inmate can earn an additional 5 FTCs during those 30 days if his or her recidivism-risk rating (1) is minimum or low and (2) has not increased for two consecutive recidivism assessments by the BOP.  18 U.S.C. § 3632(d)(4)(A)(ii); *see also* 28 C.F.R. § 523.42(c)(2).  Conversely, a federal prisoner may lose earned FTCs for violating the requirements or rules of programs or as a sanction for a prohibited act.  28 C.F.R. § 523.43(a).

A maximum of 365 days of FTCs may be applied towards a prisoner's early transfer to supervised release, basically shortening the prisoner's sentence by up to one year.  18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).  Eligible prisoners may have any remaining FTCs applied towards early transfer to pre-release custody, either in a residential reentry center or home confinement.  28 C.F.R. § 523.44(c).

The BOP is denying Petitioner credits under the FSA pursuant to BOP regulation, 28 C.F.R. § 523.42(a), which states that a federal prisoner can begin to

3

earn FSA credits only upon his or her arrival at federal prison.  Under the BOP's current calculation, Petitioner is entitled to earn FTCs only from the date of his arrival at FCI-Milan on August 28, 2024.  Petitioner on the other hand argues that he is entitled to begin earning FTCs from the date of his sentence on May 31,2023.  Petitioner asserts that the BOP's regulation is an invalid interpretation of federal law because it conflicts with 18 U.S.C. § 3585(a), which states that a federal sentence commences when the federal defendant is sentenced.

The Honorable Laurie J. Michelson recently granted habeas relief on the same claim brought by a different petitioner.  *Gale v. Warden FCI Milan*, No. 24-13127, 2025 WL 223870 (E.D. Mich. Jan. 16, 2025).  In the opinion, Judge Michelson noted that "many district courts, all in other circuits, have accepted the argument advanced by Petitioner and found 28 C.F.R. § 523.42(a) conflicts with 18 U.S.C. § 3585(a) and thus, is invalid."  *Id.* at *4 (quoting *Heath v. Knight*, No. 22-7270, 2024 WL 5198863, at *3 (D.N.J. Dec. 23, 2024)) (brackets omitted); *see also id*. (collecting cases).  Judge Michelson indicated that most of the courts "that have addressed this issue have found that inmates are eligible to earn time credits beginning on their sentencing date because they are in BOP custody awaiting transport to their designated facility, and thus, their sentence has commenced."  *Id*. (quoting *Jobin v. Warden, FCI-Mendota*, No. 23-1700, 2024 WL 1367902, at *3 (E.D. Cal. Apr. 1, 2024)).  Judge Michelson found "no reason to rule contrary to

4

this consistent case law," in light of the Supreme Court's ruling in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), where the BOP's interpretation of ambiguous statutory language is no longer entitled to deference by a federal court. *Id.* (citing *Sohrab Sharma v. Peters*, 756 F. Supp. 3d 1271, 1283 (M.D. Ala. 2024).

The Honorable Judith E. Levy also has granted habeas relief on the identical claim raised by Petitioner, finding that the habeas petitioner in her case was entitled to earn FSA credits from the date he was sentenced and not the date he arrived in federal prison. *Kruchten v. Rardin*, No. 25-11345, 2026 WL 325624, at *4 (E.D. Mich. Feb. 6, 2026). In so ruling, Judge Levy agreed with the reasoning in *Gale* and the "numerous cases cited" there to invalidate 28 C.F.R. § 523.42(a) and conclude that a federal prisoner is eligible to earn First Step Act time credits from the date he or she is sentenced and was committed to the custody of the BOP, rather than the date of arrival at federal prison. *Id.* [1]

This Court agrees with the holdings in *Gale* and *Kruchten* and concludes that 28 C.F.R. § 523.42(a) conflicts with the language of 18 U.S.C. § 3585(a). The regulation is, therefore, invalid. Petitioner is entitled to earn FSA credits from the date of his sentencing on May 31, 2023.

---

[1] Respondent, in the Answer, argues that this Court should not follow *Gale* because Judge Michelson granted habeas relief without requiring an answer from the respondent. (ECF No. 7 at PageID.81-82.) Judge Levy, however, did order and receive an answer in *Kruchten*, and still reached the same conclusion.

Respondent argues that even if the BOP's regulation is invalid, Petitioner is not entitled to additional FSA credits because he concedes that he did not participate in evidence-based recidivism reduction programming or productive activities prior to his arrival at FCI-Milan.  Respondent cites to a statement made by Petitioner in the Regional Office Administrative Appeal (BP-10) that he filed with the BOP, where he stated that he was entitled to additional FSA credits from the date of sentencing because he "maintained clear conduct, completed surveys [but] no other programming was available at that time."  (ECF No. 1 at PageID.12; *see also* ECF No. 5-1 at PageID.62.)

However, in a letter to the Court, which is construed as a reply brief, Petitioner argues that "because I programmed after sentencing and I was involved in numerous positive activities I had a right to earn F.S.A. credits."  (ECF No. 9 at PageID.109.)  It appears from Petitioner's reply that he is now claiming he did engage in programs while in state custody that would entitle him to earn additional FSA credits from the time he was sentenced.  As Petitioner suggests that he participated in and successfully completed EBRR programming and PAs from May 31, 2023, through to his arrival at FCI-Milan on August 28, 2024, this will be an issue that the BOP can determine when it undertakes its recalculation of his FSA credits.  *See Gale*, 2025 WL 223870, at * 4;  *See also Kruchten*, 2026 WL 325624, at *4 ("Respondent's argument—that Petitioner has provided no

documents to suggest he participated in evidence-based recidivism reduction programming or productive activities prior to his arrival at FCI-Milan—is an issue for the BOP to address when it undertakes its recalculation of Petitioner's FTCs").

For the reasons set forth above, the Court concludes that Petitioner is entitled to relief under § 2241.

Accordingly,

**IT IS ORDERED** that Petitioner's habeas petition is **GRANTED** and Respondent is ordered to recalculate Petitioner's FSA time credits to include his eligibility for such credits beginning on May 31, 2023, the date Petitioner was sentenced and committed to BOP custody.  The BOP shall also consider whether Petitioner met the requirements for First Step Act programming and activities during the period from the date of his sentencing until the date of his arrival at FCI-Milan when recalculating his time credits.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 12, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 12, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager